953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick Floyd BOYLE, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; FEDERAL AVIATION
ADMINISTRATION, Respondents.
 No. 91-70282.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1992.
Decided Feb. 5, 1992.
 
 1
 Before SCHROEDER and T.G. NELSON, Circuit Judges, and CALLISTER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Patrick Floyd Boyle petitions for review of an order of the National Transportation Safety Board affirming the FAA Administrator's revocation of Boyle's commercial helicopter pilot certificate. The Administrator revoked the certificate pursuant to his authority under 49 U.S.C. § 1429(a), based on a determination that Boyle had operated a helicopter with a blood alcohol content of .047 percent alcohol by weight and thereby threatened "safety in air commerce or air transportation."[1] Boyle challenges admission of the results of a blood alcohol test on the grounds that the test was neither voluntarily taken nor reliable. Boyle also challenges the NTSB's determination on various procedural grounds.
 
 
 4
 No agent of the FAA forced Boyle to submit to the blood alcohol test. If he surrendered a blood sample under the misapprehension that failing to do so would result in automatic revocation of his pilot certificate, the error was his own or that of his supervisor (of whom he had apparently requested advice). No agent of the FAA misinformed Boyle as to the consequences of refusing the test or otherwise coerced him. The test was thus voluntary. Furthermore, because the government did not take the blood sample, it cannot be charged with the obligation to preserve it.
 
 
 5
 The record supports the conclusion that the results of the blood test, as interpreted by the Administrative Law Judge (ALJ), were reliable. Boyle was given the benefit of the doubt with respect to the scientific margin of error in raw test data as well as the expected rate of absorption. Boyle's own expert testified as to the reasonableness of the ALJ's assumptions. Because the test was voluntarily taken as well as reliable, the results of the test were properly admitted and relied upon by the Administrator and the NTSB.
 
 
 6
 Boyle also attacks (a) the NTSB's failure to dispose of his appeal within the 60 days allowed by FAA regulations, (b) the application of FAA Order 2150.3A, charging that the Order has never been the subject of the publication and public comment process, and (c) the constitutionality of various aspects of the emergency certificate revocation process.
 
 
 7
 The time limit imposed by 14 C.F.R. § 13.19(d) is not jurisdictional and we will not apply it rigidly so as to thwart the primary mission of the FAA and the NTSB. See Reid v. Engen, 765 F.2d 1457, 1463 (9th Cir.1985) (FAA and NTSB charged with protecting safety of aviation public). Because no prejudice to Boyle resulted from the minor delays of which he complains, and because the Administrator was acting to insure public safety, we decline to overturn the NTSB's determinations. Cf. Busey v. Gallagher, NTSB Order No. EA-3171 (July 24, 1990) (60-day time limit intended to minimize adverse impact on airman whose certificate may have been wrongly revoked and does not divest the NTSB of jurisdiction when appeal consumes more than 60 days due to unavoidable delay).
 
 
 8
 In their review processes, neither the Administrator nor the NTSB relied on a per se application of an FAA order, but instead articulated proper reasons for ordering that Boyle's certificate be revoked rather than merely suspended. The NTSB did not err in determining that, when Boyle piloted a helicopter (with passengers) with a blood alcohol content of .047 percent, he was impaired to such an extent as to pose a threat to safety in air commerce and air transportation. The Administrator is under no duty to produce further evidence that Boyle is unfit to pilot a helicopter.
 
 
 9
 Like the claims discussed above, Boyle's broadside attacks on the constitutionality of the emergency revocation procedure are similarly without merit. The procedures have been upheld in prior reviews by this court. See Go Leasing, Inc. v. NTSB, 800 F.2d 1514, 1523-24 (9th Cir.1986).
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, the Administrator's order charged violations of Federal Aviation Regulations § 91.11(a)(4), 14 C.F.R. § 91.11(a)(4) (1990), which prohibits any pilot from operating an aircraft "while having .04 percent by weight or more alcohol in the blood," and § 91.9, 14 C.F.R. § 91.9 (1990), which proscribes operating an aircraft "in a careless or reckless manner so as to endanger the life or property of another."